IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOYALTY CONVERSION SYSTEMS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 2:13-CV-660-JRG |
| v. | ) ) **JURY TRIAL DEMANDED** |
| FRONTIER AIRLINES, INC. | ) ) ) |
| Defendant. | ) |

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO LOYALTY CONVERSION SYSTEMS CORPORATION'S, COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Frontier Airlines, Inc. ("Frontier"), submits its Answer, Affirmative Defenses, and Counterclaims to Loyalty Conversion Systems Corporation's ("Loyalty Conversion") Complaint for patent infringement ("Complaint"):

## I. NATURE OF THE ACTION

1.  Frontier admits that Loyalty Conversion's action purports to be for patent infringement, but denies that there is any infringement and further denies all remaining allegations of Paragraph 1.

2.  Frontier admits that Exhibit 1 purports to be a copy of U.S. Patent No. 8,313,023 ("the '023 Patent") entitled "Exchange of Non-negotiable Credits of an Entity's Rewards Program for Entity Independent Funds" and that the '023 Patent issued on November 20, 2012. Frontier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2, and on that basis denies those allegations.

3.  Frontier admits that Exhibit 2 purports to be a copy of U.S. Patent No. 8,511,550 ("the '550 Patent") entitled "Graphical User Interface for the Conversion of Loyalty Points Via a

Loyalty Points Website" and that the '550 Patent issued on August 20, 2013. Frontier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3, and on that basis denies those allegations.

4. Frontier denies the allegations contained in Paragraph 4.

## II. THE PARTIES

5. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and therefore denies them.

6. Frontier admits that Frontier Airlines, Inc. is a Delaware corporation with its principal place of business at 7001 Tower Road, Denver, CO 80249. Frontier admits that it may be served via The Prentice Hall Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Frontier admits that it does business in the state of Texas and in this District.

## III. JURISDICTION AND VENUE

7. Frontier admits that Loyalty Conversion's action purports to be for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction over the allegations as pled under 28 U.S.C. §§ 1331 and 1338(a).

8. Frontier does not contest that it is subject to the personal jurisdiction in this Court, and does not deny that venue in this Court is proper under 28 U.S.C. § 1391 and § 1400, but denies that this is the most convenient venue for the suit.

## IV. THE '023 PATENT AND THE '550 PATENT

9. Frontier is without knowledge or information sufficient to form a belief as to the subject matter of the '023 and '550 Patents; therefore the allegations pertaining thereto are denied. The remaining allegations contained in Paragraph 9 are denied.

10. Frontier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10, and on that basis denies those allegations.

## VI. FRONTIER' ACTS

11. Frontier denies the allegations contained in Paragraph 11.

12. Frontier denies the allegations contained in Paragraph 12.

13. Frontier denies the allegations contained in Paragraph 13.

## COUNT ONE
## PATENT INFRINGEMENT - U.S. PATENT NO. 8,313,023

14. Frontier incorporates its answers to Paragraphs 1-13.

15. Frontier denies the allegations contained in Paragraph 15.

16. Frontier denies the allegations contained in Paragraph 16.

17. Frontier denies the allegations contained in Paragraph 17.

18. Frontier denies the allegations contained in Paragraph 18.

## COUNT TWO
## PATENT INFRINGEMENT - U.S. PATENT NO. 8,511,550

19. Frontier incorporates its answers to Paragraphs 1-18.

20. Frontier denies the allegations contained in Paragraph 20.

21. Frontier denies the allegations contained in Paragraph 21.

22. Frontier denies the allegations contained in Paragraph 22.

23. Frontier denies the allegations contained in Paragraph 23.

## VII. JURY DEMAND

24. Frontier admits that Loyalty Conversion has requested a trial by jury in this case.

## VIII. REQUEST FOR RELIEF

25. Frontier denies that Loyalty Conversion is entitled to any of the requested relief and specifically denies each allegation and request for relief in Paragraphs A through D of Loyalty Conversion's Request for Relief.

## AFFIRMATIVE DEFENSES

26. Subject to the responses above, Frontier alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, Frontier reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

## FIRST DEFENSE

27. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

28. Frontier does not infringe and has not infringed, whether directly, contributorily, or by inducement, any claims of the '023 patent either literally or under the Doctrine of Equivalents.

## THIRD DEFENSE

29. Frontier does not infringe and has not infringed, whether directly, contributorily, or by inducement, any claims of the '550 patent either literally or under the Doctrine of Equivalents.

**FOURTH DEFENSE**

30. The claims of the '023 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et. seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

**FIFTH DEFENSE**

31. The claims of the '550 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et. seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

**SIXTH DEFENSE**

32. The claims of the '023 patent are unenforceable as asserted, in whole or in part, by the doctrines of waiver, estoppels, and/or laches.

**SEVENTH DEFENSE**

33. The claims of the '550 patent are unenforceable as asserted, in whole or in part, by the doctrines of waiver, estoppels, and/or laches.

**EIGHTH DEFENSE**

34. Plaintiff is estopped by virtue of prior art and/or due to conduct and representations during the prosecution of the '023 patent from asserting infringement against Frontier.

**NINTH DEFENSE**

35. Plaintiff is estopped by virtue of prior art and/or due to conduct and representations during the prosecution of the '550 patent from asserting infringement against Frontier.

**TENTH DEFENSE**

36. To the extent that Loyalty Conversion, its alleged predecessors in interest to the patents-in-suit, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Frontier's actions allegedly infringed the patents-in-suit, Frontier is not liable to Loyalty Conversion for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents-in-suit.

**ELEVENTH DEFENSE**

37. Plaintiff is estopped from asserting a construction of any claim of the '023 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

**TWELFTH DEFENSE**

38. Plaintiff is estopped from asserting a construction of any claim of the '550 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court.

**THIRTEENTH DEFENSE**

39. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the '023 patent by application of the doctrine of equivalents.

**FOURTEENTH DEFENSE**

40. Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the '550 patent by application of the doctrine of equivalents.

**FIFTEENTH DEFENSE**

41.     The '023 patent is unenforceable because Plaintiff has unclean hands and/or has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid, unenforceable and/or not infringed by methods or systems manufactured, used, imported, sold or offered for sale by Frontier.

**SIXTEENTH DEFENSE**

42.     The '550 patent is unenforceable because Plaintiff has unclean hands and/or has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid, unenforceable and/or not infringed by methods or systems manufactured, used, imported, sold or offered for sale by Frontier.

**COUNTERCLAIMS**

Counterclaimant Frontier Airlines, Inc. ("Frontier") alleges its Counterclaims for Declaratory Relief against Loyalty Conversion Systems Corporation ("Loyalty Conversion") as follows:

**PARTIES**

1.     Frontier is a corporation organized and existing under the laws of Delaware with its principal place of business in Denver, Colorado.

2.     On information and belief, Loyalty Conversion is a Texas limited liability company having a principal place of business at 900 Walt Whitman Drive, Melville, NY 11747.

**JURISDICTION AND VENUE**

3.     Frontier's counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Personal jurisdiction in this judicial district is proper at least because Loyalty Conversion availed itself of this Court to litigate its patent infringement claims against Frontier.

5. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c).

6. An actual, justiciable controversy exists between Frontier and Loyalty Conversion concerning the infringement and validity of U.S. Patent Nos. 8,313,023 (the "'023 Patent") and 8,511,550 (the "'550 Patent") (collectively the "Patents-in-Suit").  Loyalty Conversion, by its Complaint, has asserted that Frontier has infringed and is infringing the Patents-in-Suit. Frontier asserts that it has not infringed and is not infringing the Patents-in-Suit and that the Patents-in-Suit are invalid against Frontier. Absent a declaration of non-infringement and/or invalidity, Counterclaim Defendant Loyalty Conversion will continue to wrongfully assert the Patents-in-Suit against Counterclaim Plaintiff Frontier, and thereby cause it irreparable injury and damage.

## COUNTERCLAIM 1

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,313,023)

7. Frontier realleges and incorporates by reference each and every allegation contained in paragraphs 1-6 of its Counterclaims as though fully set forth herein.

8. Loyalty Conversion claims to be the assignee and owner of the entire right, title, and interest in and to the '023 patent entitled "Exchange of Non-negotiable Credits of an Entity's Rewards Program for Entity Independent Funds," which issued on November 20, 2012.

9. An actual case or controversy exists between Frontier and Loyalty Conversion as to whether the '023 patent is not infringed by Frontier.

10. A judicial declaration is necessary and appropriate so that Frontier may ascertain its rights regarding the '023 patent.

11. Frontier has not infringed and does not infringe, directly or indirectly, any claim of the '023 patent.

## COUNTERCLAIM II

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,511,550)

12. Frontier realleges and incorporates by reference each and every allegation contained in paragraphs 1-11 of its Counterclaims as though fully set forth herein.

13. Loyalty Conversion claims to be the assignee and owner of the entire right, title, and interest in and to the '550 patent entitled "Graphical User Interface for the Conversion of Loyalty Points Via a Loyalty Points Website," which issued on August 20, 2013.

14. An actual case or controversy exists between Frontier and Loyalty Conversion as to whether the '550 patent is not infringed by Frontier.

15. A judicial declaration is necessary and appropriate so that Frontier may ascertain its rights regarding the '550 patent.

16. Frontier has not infringed and does not infringe, directly or indirectly, any claim of the '550 patent.

## COUNTERCLAIM III

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,313,023)

17. Frontier reallages and incorporates by reference each and every allegation contained in paragraphs 1-16 of its Counterclaims as though fully set forth herein.

18. An actual case or controversy exists between Frontier and Loyalty Conversion as to whether the claims of the '023 patent are invalid.

19. A judicial declaration is necessary and appropriate so that Frontier may ascertain its rights as to whether the '023 patent is invalid.

9

20. The claims of the '023 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. §§ 100 et seq., including without limitation, 101, 102, 103, and 112 of Title 35 of the United States Code.

### COUNTERCLAIM IV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,511,550)

21. Frontier reallages and incorporates by reference each and every allegation contained in paragraphs 1-20 of its Counterclaims as though fully set forth herein.

22. An actual case or controversy exists between Frontier and Loyalty Conversion as to whether the claims of the '550 patent are invalid.

23. A judicial declaration is necessary and appropriate so that Frontier may ascertain its rights as to whether the '550 patent is invalid.

24. The claims of the '550 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. §§ 100 et seq., including without limitation, 101, 102, 103, and 112 of Title 35 of the United States Code.

### DEMAND FOR RELIEF

WHEREFORE, Frontier demands:

A. A judgment dismissing Loyalty Conversion's Complaint against Frontier with prejudice;

B. A judgment in favor of Frontier on all of its Counterclaims;

C. A declaration that Frontier has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '023 Patent;

D. A declaration that each claim of the '023 Patent is invalid;

E. A declaration that Frontier has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '550 Patent;

F. A declaration that each claim of the '550 Patent is invalid;

G. A declaration that this case is exceptional and an award to Frontier of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

H. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Frontier hereby demands a trial by jury on all issues so triable.

Dated:  October 14, 2013

Respectfully submitted,

 /s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P. O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5092

Stephen E. Baskin
sbaskin@mayerbrown.com
Ann Marie Duffy
aduffy@mayerbrown.com
Dara M. Kurlancheek
dkurlancheek@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 263-3000
Facsimile:  (202) 263-3300

*Attorneys for Defendant/Counter-Plaintiff Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 14, 2013, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Jennifer P. Ainsworth
Jennifer P. Ainsworth